## Richmond

### MARY BREEDEN LAM v. DAVID JACKSON LAM.

April 24, 1972.

Record No. 7669.

Present, All the Justices.

*C. Waverly Parker,* for appellant.

No brief or argument for appellee.

Per Curiam.

Mary Breeden Lam appeals from a final decree entered September 21, 1970, awarding her husband, David Jackson Lam, a divorce *a vinculo matrimonii* on the grounds of voluntary separation for more than two years.

In the trial court the only issue was whether the court had jurisdiction. Mrs. Lam filed two pleas, one denying that her husband had been domiciled in Virginia throughout the year preceding the filing of his bill of complaint and the other denying that he was a resident of Greene County when the cause was instituted. A jury trial was had on these pleas.

In his opening statement, counsel for Mrs. Lam told the jury that after they had heard the evidence and the court's instructions they would be required to answer two questions, whether on August 30, 1968, and for the entire year thereafter Lam had been domiciled in Virginia, and whether on August 29, 1969, Lam had a residence in

Greene County, and that Lam would be required to prove his case by a preponderance of the evidence. Counsel then stated that if the jury were uncertain whether the questions should be answered "Yes" or "No" they should return a verdict of "No". The trial court interrupted him to say that counsel was misstating the law. Counsel then told the jury that if they believed that an answer of "No" to either question was just as probable as "Yes" they should answer "No". The court again interrupted and advised the jury that counsel's statement was incorrect and that the jury would be instructed in due course that Lam must prove his case by a preponderance of the evidence to be entitled to a verdict of "Yes".

After the taking of evidence had been concluded Mrs. Lam's counsel tendered the following instruction:

"Respondent's Instruction No. 4

"As to each of the questions submitted to you in this case the burden is upon the complainant David Jackson Lam to prove by a preponderance of the evidence that the answer to such question is yes—that is, that he did in fact have his domicile in the State of Virginia on August 30, 1968 and for the entire year thereafter, and that he did in fact have a residence in Greene County on August 29, 1969. And if the jury are uncertain whether the affirmative of either question has been thus proven by a preponderance of the evidence, or if you believe that an answer of 'no' to such question is just as probable as an answer of 'yes', then as to such question you shall return an answer of 'no'."

The court refused to give the proffered instruction with the last sentence included. Counsel then tendered the instruction with a new last sentence reading as follows:

"And if you believe from the evidence that an answer of 'No' to either question is just as probable as an answer of 'Yes', then as to such question you shall return an answer of 'No'."

The amended instruction was also refused and the instruction was given containing only the first sentence of proffered Instruction No. 4.

Opening statements are not to be used for the purpose of arguing what may be the applicable law. The trial court might well have

admonished Mrs. Lam's counsel not to argue questions of law in his opening statement. However, the court did not interrupt him for that purpose, but for the purpose of advising the jury that counsel was misstating the law. In this respect the court erred.

Without this action by the trial court, the subsequent refusal of Respondent's Instruction No. 4, not ordinarily a necessary instruction either in its original form or as amended by counsel, might have been harmless error. However, it was a correct explanation of the meaning of Lam's burden of proving his case by a preponderance of the evidence. Indeed, in negligence cases we have approved instructions similar to the last sentence of Instruction No. 4 as originally tendered. *Pike* v. *Eubank*, 197 Va. 692, 701, 90 S.E.2d 821, 827 (1956); *Yeary* v. *Holbrook*, 171 Va. 266, 283-84, 198 S.E. 441, 449 (1938). Here, where Mrs. Lam's entire case turned on her husband's credibility, there was even more justification for including the rejected language.

The trial court's action in incorrectly rebuking Mrs. Lam's counsel for misstating the law and then refusing his proffered Instruction No. 4 constituted prejudicial error. Counsel was thereby effectively denied the opportunity to argue to the jury in his closing argument that if the evidence seemed to be in equipoise they should return a verdict for her.

The final decree is reversed and the cause remanded for a new trial.

*Reversed and remanded.*